The St. Paul & Kansas City Grain Company v. John R. Rudd and A. Z. Rudd, Appellants.

Principal and agent: *Want of authority.* It is no defense to an action on a note that defendants delivered to a third person, by plaintiff's authority, a note secured by chattel mortgage, as collateral security for the note in suit, and that such third person collected the collateral note by foreclosure of the mortgage, where he had no authority from plaintiff to collect it.

*Appeal from Crawford District Court.*—Hon. C. D. Goldsmith, Judge.

Wednesday, May 26, 1897.

Action on a promissory note. Defense that defendant John R. Rudd assigned and delivered to plaintiff a note against one S. E. Rudd for one thousand seven hundred and fifty dollars, secured by a chattel mortgage, executed by S. E. Rudd on a stock of merchandise in the town of Bell, in Crawford county, Iowa; that said note and mortgage were assigned as collateral security upon the note sued upon; and that plaintiff has taken possession of the goods covered by said mortgage, has sold the same and collected said collateral note, and it has thus been fully paid. In a reply plaintiff denies all of the allegations of the answer, except it admits that said one thousand seven hundred and fifty dollar note was turned over to P. W. Harding to secure the note sued upon and other claims. It denies that it ever had possession of the property covered by said mortgage, and denies that it ever had possession of the note and mortgage so turned over to Harding; that said note and mortgage was turned over to Harding to secure an indebtedness of seven hundred and fifty or eight hundred dollars, in addition to plaintiff's claim, which other indebtedness was to be paid out of the proceeds of the property covered by said mortgage before plaintiff's note was paid, and plaintiff has never received anything from the proceeds of said goods; that defendant John R. Rudd has approved and consented to the action taken by said Harding in the sale and disposition of said goods and their proceeds; that plaintiff never authorized said Harding to take an assignment of the note and mortgage from Rudd, and never ratified the taking of the same, and Harding had no authority to take the same. There was a trial to the court and a jury, and a verdict was on motion directed by the court against the defendants, upon which a judgment was entered. Defendants appeal.—*Affirmed.*

*Shaw & Kuehnle* for appellants.

*Harding & Harding* and *J. P. Conner* for appellee.

KINNE, C. J.—If it be conceded that Harding had authority to take the note and the mortgage securing it, the plaintiff cannot be held responsible for Harding's acts in seizing and selling the property under said mortgage, as it nowhere appears in the record that Harding had any authority from the plaintiff to collect this collateral note and mortgage. Such authority is expressly denied by plaintiff, and, in the absence of evidence, we cannot assume that Harding possessed it. If, then, Harding had no authority to collect this collateral note and mortgage, his acts in so doing, and in taking possession of the property covered by the mortgage, and in selling the same, cannot bind plaintiff, and constituted no defense to the note in suit. The court, therefore, properly directed a verdict for the plaintiff.— AFFIRMED.